AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas

**FILED**

December 01, 2020

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ M .Ramirez _____
DEPUTY

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| Jeremy MARTINEZ, Moses MARTINEZ, Misty MORALES | ) | |
| | ) | 7:20-MJ-437 |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___November 20, 2020___ in the county of ___Ector___ in the ___Western___ District of ___Texas___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846 | Conspiracy to Posess with Intent to Distribute More Than 50 Grams of Actual Methamphetamine |

This criminal complaint is based on these facts:

Please see the attached affidavit incorported herein as if set forth in full.

☑ Continued on the attached sheet.

Attested to by applicant pursuant to Rule 4.1 of Fed. R. Crim. P. by phone & email.

/s/ Kenneth Maher
_____
*Complainant's signature*

Kenneth Maher, DEA Special Agent
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___12/01/2020___

_____
*Judge's signature*

City and state: ___Midland, Texas___

United States Magistrate Judge Ronald C. Griffin
_____
*Printed name and title*

7:20-MJ-437

**AFFIDAVIT**

1. I, Kenneth Maher, a Special Agent with the Drug Enforcement Administration (DEA) currently assigned to the Midland, Texas Resident Office, being duly sworn state:

2. I have successfully completed extensive training emphasizing narcotics investigation and law enforcement. I have been employed by the Drug Enforcement Administration as a Special Agent since December 2019 and have participated in several narcotics investigations. I have attended and successfully completed Basic Agent Training in Quantico, Virginia.

3. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation referred to in this affidavit and information summarized in reports I have reviewed. I have compiled information derived from numerous discussions with experienced law enforcement officers, and investigators with the Odessa Police Department, Ector County Sheriff's Office, and Homeland Security Investigations. Since this complaint is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known by me in the investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause. Based on the facts cited in the body of this affidavit, I believe that probable cause exists that Jeremy MARTINEZ, Moses MARTINEZ, and Misty MORALES did knowingly and intentionally conspire to possess with intent to distribute 50 grams or more of actual methamphetamine, a Schedule II Controlled Substance, in violation Title 21, United States Code Section 846.

4. During the month of October 2020, Special Agent (SA) Kenneth Maher and Task Force Office (TFO) Joseph Beltran received information from a Drug Enforcement Administration (DEA) Confidential Source (CS) that a load coordinator from Mexico had approximately twenty (20) pounds of methamphetamine in Odessa, Texas. On October 26, 2020, the CS contacted SA Maher stating that the load coordinator only had approximately ten (10) pounds remaining of the methamphetamine and was ready to sell the remaining 10 pounds. The CS told the load

coordinator that the CS had someone, an undercover (UC) officer, that was willing to purchase the remaining 10 pounds but would not be able to purchase the 10 pounds until October 29, 2020.

5.     TFO Beltran and SA Maher utilized the assistance of a local investigator to act in an undercover capacity. It should be noted that this investigator has experience in undercover operations including undercover narcotics operations.

6.     On October 29, 2020, the UC received a call from a female, First Name Unknown (FNU), Last Name Unknown (LNU) at approximately 5:34 pm asking the UC if the UC was ready to meet. The UC stated that the UC would be ready in about 20 minutes. FNU LNU stated that FNU LNU would text the UC the address. FNU LNU told the UC to let FNU LNU know when the UC arrived so FNU LNU could send a second female, later identified as Jeanna DEANDA. At approximately 5:44, the UC received a text message to meet at the HEB at the corner of University Boulevard and Loop 338. The HEB's address is 2501 W University Blvd, Odessa, Texas 79764.

7.     At approximately 6:28 pm, FNU LNU contacted the UC stating that DEANDA was at pump 4 at the HEB gas station. The UC met with DEANDA at pump 4 at the HEB gas station. DEANDA pointed to a Coca-Cola box in the back of DEANDA's vehicle. The UC observed the Coca-Cola box containing suspected methamphetamine. The UC told law enforcement personnel that the UC observed the methamphetamine and that there was two children in the vehicle. Law enforcement personnel approached the vehicle and detained DEANDA without incident. Approximately 10 pounds of suspected methamphetamine were found in the Coca-Cola box.

8.     DEANDA and DEANDA's vehicle were transported to the Ector County Sheriff's Office (ECSO).

9.      Law enforcement personnel conducted a search of DEANDA's residence located at 4732 W Morris Street, Odessa, Texas 79764. During the search, law enforcement personnel found more methamphetamine weighing approximately 10 pounds at DEANDA's residence. Law enforcement personnel conducted a search of DEANDA's cellphone. Law enforcement observed a conversation that included details regarding where the deal was supposed to take place and the currency involved. The number provided was stated to be Jeremy MARTINEZ's cellphone number.

10.     On November 20, OPD utilized a CS to conduct a controlled purchase of methamphetamine from Jeremy MARTINEZ. Under OPD direction, the CS contacted Moses MARTINEZ to purchase the methamphetamine. Moses MARTINEZ directed the CS to meet at Jeremy MARTINEZ's residence located at 1317 Lindberg Street and that Moses MARTINEZ would meet the CS there. When arriving at Jeremy MARTINEZ's residence, Jeremy MARTINEZ provided the CS with approximately 3.5 grams of methamphetamine. Moses MARTINEZ did not arrive at Jeremy MARTINEZ's residence.

11.     OPD had a state arrest warrant for Moses MARTINEZ and obtained a state arrest warrant for Jeremy MARTINEZ. OPD with the assistance of the DEA Midland Resident Office (MRO) set up surveillance on two locations known to be frequented by Moses MARTINEZ and Jeremy MARTINEZ, 1000 E Monahans Street Apt 607, Odessa, Texas and 1317 Lindberg Street, Odessa, Texas. Law enforcement personnel observed Jeremy MARTINEZ at 1317 Lindberg Street, Odessa, Texas. Law enforcement personnel observed Jeremy MARTINEZ enter a vehicle and leave Lindberg Street. OPD utilized an OPD marked unit to conduct a traffic stop on the vehicle. Jeremy MARTINEZ was placed under arrest without incident. Jeremy MARTINEZ was then transported to OPD and placed into an interrogation room.

12.     Law enforcement personnel surveilling 1000 E Monahans Street observed a vehicle occupied by occupants from Apartment 607 leave the apartment complex. Law enforcement personnel

surveilled the vehicle hoping to observe Moses MARTINEZ. Law enforcement personnel followed the vehicle back to the apartment complex where law enforcement personnel observed two males exit the vehicle and enter apartment 607. OPD conducted a search warrant on 1000 E Monahans Apt 607 where Moses MARTINEZ was found and placed under arrest on a state warrant. During the search of the apartment, approximately 19 grams of suspected methamphetamine was found in a bedroom. Moses MARTINEZ was arrested inside of the bedroom where the methamphetamine was found. The apartment did not belong to Moses MARTINEZ but was known to be frequented by Moses MARTINEZ.

13.     OPD with the assistance of the DEA MRO conducted a search warrant on 1317 Lindberg Street. During the search, law enforcement found approximately 8.4 grams of suspected methamphetamine. While law enforcement personnel searched the residence, Misty MORALES arrived at the residence driving Jeremy MARTINEZ's vehicle. OPD conducted a controlled purchase of methamphetamine using a CS from MORALES on October 31, 2020 obtaining approximately 4.6 grams of methamphetamine. OPD detained MORALES and transported MORALES to OPD.

14.     Upon arrival at the OPD, TFO Beltran and SA Maher informed Moses MARTINEZ that he was not free to leave and advised Moses MARTINEZ of his constitutional rights. After being advised of his rights, Moses MARTINEZ stated that he understood his rights. The following is only a summary of Moses MARTINEZ's statement and is not verbatim. Moses MARTINEZ claimed that he did not know what he could be getting charged with and that he was not a snitch. Moses MARTINEZ denied any involvement and claimed the methamphetamine found in the room was not his.

15.     TFO Beltran and SA Maher informed Jeremy MARTINEZ that he was not free to leave and advised Jeremy MARTINEZ of his constitutional rights. After being advised of his rights, Jeremy MARTINEZ stated that he understood his rights. The following is only a summary of

Jeremy MARTINEZ's statement and is not verbatim. Jeremy MARTINEZ claimed that he does not sell methamphetamine or any other narcotic. Jeremy MARTINEZ claimed that he has not lost any load of narcotics due to him not selling narcotics. Jeremy MARTINEZ claimed that he is very well connected and it would not be hard to cooperate with law enforcement if released from custody. Jeremy MARTINEZ denied any involvement.

16.     DEA TFO Sergio Spencer interviewed MORALES and advised her of her rights. MORALES stated that MORALES was released on parole in October of 2019. MORALES met Jeremy MARTINEZ and Moses MARTINEZ. MORALES admitted that beginning in December of 2019 through February of 2020 that MORALES would receive 2 ounces of methamphetamine a week to sell for Jeremy MARTINEZ and Moses MARTINEZ.

17.     Based on the facts cited above, I believe that probable cause exists that Jeremy MARTINEZ, Moses MARTINEZ, and Misty MORALES did knowingly and intentionally conspire to possess with intent to distribute 50 grams or more of actual methamphetamine, a Schedule II Controlled Substance, in violation Title 21, United States Code Section 846.

18.     AUSA Monica Daniels agreed to prosecute the case.

19.     If convicted, the defendants faces a mandatory minimum term of imprisonment of ten years, not to exceed a life sentence, a minimum five year term of supervised release, not to exceed life, a fine not to exceed ten million dollars, and a one hundred dollar special assessment.

<table>
<tr><td>   /s/ Kenneth Maher</td><td>12/01/2020</td></tr>
<tr><td>Kenneth Maher</td><td>Date</td></tr>
</table>

_/s/ Kenneth Maher_               12/01/2020
Kenneth Maher                           Date
Special Agent
Drug Enforcement Administration     Attested to by applicant pursuant to Rule 4.1 of Fed. R. Crim. P. by phone & email.

Sworn to and subscribed before me in my presence.

_____             12/01/2020
Ronald Griffin                            Date
United States Magistrate Judge